### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
### CHARLESTON DIVISION

ZACHARIAH KUSHNER,

        Plaintiff,

v.                                    CIVIL ACTION NO.  2:22-cv-00298

TRANSPORTATION NETWORK V, LLC
d/b/a TODD JUDY FORD,

        Defendant.

### ORDER

Pending before the Court is the "Motion to Compel Defendant's Discovery Response" filed by Plaintiff Zachariah Kushner ("Plaintiff"). (ECF No. 16.) Pursuant to the Local Rules of Civil Procedure for the U.S. District Court for the Southern District of West Virginia (the "Local Rules"), Plaintiffs' motion fails to demonstrate compliance with the prerequisites for filing discovery motions, and fails to demonstrate that an exception to the applicable thirty-day waiver provision applies. Thus, the undersigned finds it appropriate to adjudicate this motion without further briefing. For the reasons set forth more fully herein, Plaintiffs' motion is **DENIED WITHOUT PREJUDICE**.

### I.      BACKGROUND

Plaintiff initiated this civil action on July 21, 2022,[1] alleging that Defendant—in its sale and financing of an automobile to Plaintiff—violated the Truth in Lending Act and the West Virginia Consumer Credit and Protection Act. (*See* ECF Nos. 1, 5.) Defendant filed its Answer to the Amended Complaint on September 1, 2022, denying liability. (ECF

---

[1] Shortly thereafter on August 5, 2022, Plaintiff filed an Amended Complaint to correct the legal name of Defendant Transportation Network V, LLC d/b/a Todd Judy Ford ("Defendant"). (ECF No. 5.)

No. 9.) Subsequently, the presiding District Judge entered the operative Scheduling Order on October 6, 2022. (ECF No. 11.) Pursuant to the Scheduling Order, the parties' deadline to serve discovery requests is May 15, 2023, the deadline to complete discovery is July 10, 2023, and trial is set for December 5, 2023. *See id.*

In his motion to compel, Plaintiff alleges that he "served Defendant with his First [Set of] . . . Interrogatories, Request for Production of Documents[,] and Request for Admissions" on February 3, 2023. (ECF No. 16 at 1-2.) In response, Defendant served timely responses and objections to the discovery on March 6, 2023. (ECF Nos. 15; 16 at 1-2.) On April 10, 2023—approximately thirty-five days after Defendant's responses were due—Plaintiff filed the motion *sub judice*. (ECF No. 16.)

In his motion, Plaintiff seeks an order compelling Defendant's full and complete response to Interrogatory 4, arguing that Defendant's objection to the disclosure of "trade secrets, confidential business information, . . . [and] other competitively-sensitive and proprietary information and documents" is baseless in light of the availability of the Court's form Protective Order. (ECF No. 16 at 2.) Plaintiff's counsel asserts that he "contacted counsel for Defendant on March 31, 2023" to propose entry of a protective order in response to Defendant's confidentiality concerns; specifically, Plaintiff's counsel certifies that he "has conferred in good faith by e-mailing the conferral letter to counsel for Defendant in an attempt to resolve this dispute without Court intervention[.]" *Id.* at 3. Plaintiff's counsel asserts, however, that "[t]o date, Defendant has not responded in any way to Plaintiff's attempts to resolve this dispute." *Id.*

## II.     DISCUSSION

Rule 37 of the Federal Rules of Civil Procedure (the "Federal Rules") governs motions that seek an order compelling the opposing party's discovery responses,

providing in relevant part that, in the event "a party fails to answer an interrogatory submitted under Rule 33," then the discovery proponent "may move for an order compelling an answer, designation, production, or inspection[.]" Fed. R. Civ. P. 37(a)(3)(B)(iii). The Rules clarify that "an *evasive* or *incomplete* disclosure, answer, or response" is likewise "treated as a *failure* to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4) (emphasis added).

In applying the Federal Rules and Local Rules, "substantial discretion" is conferred upon this Court "in managing discovery." *Doe v. Cabell Cty. Bd. of Educ.*, 3:21-cv-31, 2022 WL 288193, at *4 (S.D. W. Va. Jan. 31, 2022) (citing *Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc.*, 43 F.3d 922, 929 (4th Cir. 1995)). "Resolution of a motion to compel," therefore, "is generally left within the broad discretion of the District Court." *VICA Coal Co. v. Crosby*, 212 F.R.D. 498, 504 (S.D. W. Va. 2003) (citing *Lone Star*, 43 F.3d at 929) (denial of motion to compel reviewed on appeal for abuse of discretion); *Erdmann v. Preferred Research Inc.*, 852 F.2d 788, 792 (4th Cir. 1988) (noting district court's substantial discretion in resolving motions to compel); and *LaRouche v. National Broadcasting Co.*, 780 F.2d 1134, 1139 (4th Cir. 1986) (same)).

Here, Plaintiff's motion fails to demonstrate Plaintiff's compliance with two of the express prerequisites for filing a discovery motion as set forth in the Court's Local Rules. First, Plaintiff waived his opportunity to seek an order compelling Defendant to respond to Plaintiff's discovery requests. The Court's Local Rules provide that "[m]otions to compel or other motions in aid of discovery not filed within 30 days after the discovery response or disclosure requirement was due are waived[.]" L.R. Civ. P. 37.1(c). This Rule provides that the "30-day deadline may be extended by court order for good cause shown . . . so long as the extension does not interfere with the scheduling order[.]" *Id.* While the

Rule also permits extension of the thirty-day deadline "by stipulation of the parties, so long as the extension does not interfere with the scheduling order," it expressly provides that "[a]ny such stipulation must be filed pursuant to L.R. Civ. P. 11.2."[2] *See id.*

Here, Plaintiff's motion to compel alleges that Plaintiff "served Defendant with his First [Set of] . . . Interrogatories, Request for Production of Documents[,] and Request for Admissions" on February 3, 2023. (ECF No. 16 at 1-2.) Pursuant to the Federal Rules of Civil Procedure, Defendant's responses were due by March 6, 2023. *See* Fed. R. Civ. P. 33(b)(2), 34(b)(2), 36(a)(3). It is undisputed that Defendant served timely responses on that date. (ECF Nos. 15; 16 at 1-2.) Explaining that Defendant's objection to Interrogatory 4 was based upon confidentiality concerns rather than a challenge to the discoverability of the information sought, Plaintiff essentially argues that Defendant's response should be treated as a failure to answer under Rule 37(a)(4) of the Federal Rules of Civil Procedure. (*See* ECF No. 16.) Pursuant to the Court's Local Rules, therefore, Defendant was required to file any motion to compel "within 30 days after the discovery response or disclosure requirement was due" on March 6, 2023—which is April 5, 2023. L.R. Civ. P. 37.1(c). However, Plaintiff did not file the motion *sub judice* until April 10, 2023—approximately thirty-five days after Defendant's responses were due. (*See* ECF No. 16.)

Plaintiff failed to address this issue, let alone sufficiently demonstrate that an exception to the waiver provision of Rule 37.1(c) applies. The parties did not file any stipulation extending Plaintiff's April 5, 2023 deadline pursuant to Rule 11.2 of the Court's Local Rules. Likewise, Plaintiff failed to demonstrate good cause to extend the deadline.

---

[2] Rule 11.2 of the Court's Local Rules provides that, "[u]nless otherwise ordered [by the Court], stipulations under the Federal Rules of Civil Procedure and these Local Rules of Civil Procedure must be in writing, signed by the parties making them or their counsel, and promptly filed with the clerk." L.R. Civ. P. 11.2.

(*See* ECF No. 16) Furthermore, Plaintiff failed to demonstrate that an extension would not interfere with the operative Scheduling Order. *See id.*

Finally, Plaintiff's motion also fails because it lacks a certification that Plaintiff conferred in person or by telephone/videoconference with Defendant to narrow the areas of disagreement to the greatest possible extent. *See* L.R. Civ. P. 37.1(b). The Federal Rules provide that a party who moves to compel a discovery response "must include" in its motion "a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). Plaintiff's motion complies with this Rule, as it contains counsel's certification that he "has conferred in good faith by e-mailing the conferral letter to counsel for Defendant in an attempt to resolve this dispute without Court intervention[.]" (ECF No. 16 at 3.)

This Court's Local Rules further require, however, that "[b]efore filing any discovery motion, . . . counsel for each party shall make a good faith effort to confer ***in person or by telephone*** to narrow the areas of disagreement to the greatest possible extent." L.R. Civ. P. 37.1(b) (emphasis added). This Local Rule further places "the responsibility . . . to arrange for the meeting" upon "counsel for the moving party[.]" *Id.* Construing this Local Rule narrowly according to its plain language, the Court has consistently found that "[a] letter or other written communication—such as an email— does not, on its own, satisfy this District's meet and confer requirement." *See, e.g., Murphy v. Setzer's World of Camping, Inc.*, 3:20-CV-406, 2021 WL 4899165, at *3 (S.D. W. Va. Oct. 20, 2021) (citing *HSBC Bank USA, Nat'l Ass'n v. Resh*, 2014 WL 317820, at *8 (S.D. W. Va. Jan. 28, 2014)). Rather, the moving party's motion must provide sufficient

information to specifically demonstrate the movant's good-faith attempts to confer with the opposing party in person or by telephone/videoconference. *See id.*

Plaintiff's motion failed to make this showing. Without more, the mere certification that Plaintiff's counsel communicated with defense counsel via email correspondence is inadequate to satisfy the Court's filing prerequisite. The Court's Local Rules expressly provide that it is the moving party's responsibility to arrange for the meeting. However, Plaintiff's motion is devoid of any indication that Plaintiff's counsel conferred with defense counsel in person or by telephone—or even attempted to confer with defense counsel in person or by telephone—prior to filing the subject motion. In summary, Plaintiff has not complied with the prerequisite steps for filing a motion to compel under the Court's Local Rules; thus, the motion in its present form is premature.

## III.   CONCLUSION

Accordingly, for the foregoing reasons **IT IS ORDERED** that Plaintiff's "Motion to Compel Defendant's Discovery Response" (ECF No. 16) is **DENIED WITHOUT PREJUDICE,** with leave to re-file. Any renewed discovery motion must detail the good-faith efforts of Plaintiff's counsel to confer with defense counsel in person or by telephone/videoconference—including efforts subsequent to the entry of this Order—to narrow the area(s) of disagreement to the greatest possible extent as required; additionally, it must demonstrate that an exception to the thirty-day waiver provision of Local Rule 37.1(c) applies, and must demonstrate that an extension would not interfere with the Court's operative Scheduling Order.

Furthermore, the parties are hereby **NOTIFIED** of their counsel's respective obligations to become familiar with, and to follow, the Court's local rules and procedures,

including reading the Court's Local Rules and becoming familiar with them.[3] Moreover, the Court may penalize a party or attorney for failing to comply with an applicable Court rule.

**IT IS SO ORDERED**.

The Clerk of Court is **DIRECTED** to send a copy of this Order to counsel of record and to any unrepresented party.

ENTER:      April 11, 2023

Dwane L. Tinsley
United States Magistrate Judge

---

[3] The Court's operative Local Rules of Civil Procedure are available on its website, https://www.wvsd.uscourts.gov, by navigating to the "Court Information" drop-down menu, selecting the link entitled "Rules, Plans, and Standing/General Orders," then selecting the link titled "Local Rules of Procedure."